UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROSS J. STEVENS,

                                                                                               07 CV 4444 (LAK)
                                 Plaintiff(s)

-against-                                                                 **ANSWER**

                                                                                               Defendants Demand
SAMUEL ROSA and RDT SECURITY, INC.,              Trial by Jury

                                                          Defendant(s)
------------------------------------------------------------------------x

       Defendants, SAMUEL ROSA and R.D.T. SECURITY, LTD., i/s/h/a RDT SECURITY, INC., by their attorneys, FOGARTY, FELICIONE & DUFFY, P.C. answering the complaint herein:

       **FIRST**:       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "1", and "10" of the complaint.

       **SECOND**:    Upon information and belief deny each and every allegation contained in paragraphs designated "3", "6", "7", "8", "9", and "11" of the complaint.

       **THIRD**:      Upon information and belief deny each and every allegation contained in paragraph designated "4" of the complaint except admit that on March 29, 2006 defendant SAMUEL ROSA was employed by defendant R.D.T. SECURITY, LTD.

       **FOURTH:**    Upon information and belief deny each and every allegation contained in paragraph designated "5" of the complaint and refer all questions of law to this Honorable Court.

**AS AND FOR A FIRST SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND
<u>R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF</u>:**

      <u>    </u>**FIFTH**:      Whatever damages the plaintiff may have sustained at the time and place mentioned in the complaint were caused in whole or in part by the culpable conduct of the

plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which the aforesaid culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:

**SIXTH**:   Defendants plead lack of jurisdiction over the person of the defendants by reason of non service or defective service of process.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:

**SEVENTH**:   Plaintiff threatened and assaulted Samuel Rosa who only acted in self-defense.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:

**EIGHTH**:   Any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in § 4545(c) of the New York Civil Practice Law and rules. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

### AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:

**NINTH**:   The complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND
R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:**

**TENTH:**   The complaint alleges facts that are based on causes of action for assault/ intentional tort that are barred by the applicable Statute of Limitations.

**AS AND FOR A SEVENTH SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANTS, SAMUEL ROSA AND
R.D.T. SECURITY, LTD. ALLEGE UPON INFORMATION AND BELIEF:**

**ELEVENTH:** The defendants' actions were justified based upon the actions of plaintiff who provoked, threatened and assaulted Samuel Rosa.

**WHEREFORE**, the defendants, SAMUEL ROSA AND R.D.T. SECURITY, LTD., demand judgment dismissing the complaint, together with costs, disbursements, and expenses of this action, including attorneys fees.

Dated:   Mineola, New York
            June 4, 2007

>                                    FOGARTY, FELICIONE & DUFFY, P.C.
>
>                                    By: _____
>                                            Paul Felicione (7795)
>                                    Attorneys for Defendant(s)
>                                    185 Willis Avenue
>                                    Mineola, New York 11501
>                                    (516) 747-7500

TO:   JOSEPH STROBLE
        Attorneys for Plaintiff(s)
        40 Main Street
        P.O. Box 596
        Sayville, New York 11782
        (631) 244-8297

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROSS J. STEVENS,

                           07 CV 4444 (LAK)

                  Plaintiff(s)

                        **INTERROGATORIES**

    -against-

SAMUEL ROSA and RDT SECURITY, INC.,

                  Defendant(s)
------------------------------------------------------------------------x

S I R S:

      Defendants, SAMUEL ROSA and R.D.T. SECURITY, LTD., i/s/h/a RDT SECURITY, INC., request that the plaintiff answer under oath, within thirty (30) days of service hereof, the following interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure:

    1.    Set forth information with respect to plaintiff at the time of the accident:

        A.    Full name.
        B.    Date and place of birth.
        C.    Home address.
        D.    Occupation.
        E.    Marital status.
        F.    Social Security number.
        G.    All residences for a period of five years preceding the commencement of this action.
        H.    The names of plaintiff's employers as of the date of the accident and address; if self-employed so state giving business name and address.
        I.    The weekly or daily wages of the plaintiff.
        J.    The amount of time plaintiff claims she was prevented from doing her job as a result of this incident.

    2.    Please state separately in detail and as completely and accurately as possible, each and all of the injuries claimed to have been sustained by the plaintiff as a result of the accident referred to in the complaint.

   A. Identify any markings, bruises and other visual indications of each injury and the part or parts of the body affected by each injury.

   B. Which, if any, of such injuries are claimed to be permanent.

   C. All sequelae which are claimed to have developed or are expected to develop in the future as a result of any such injury.

3. State the name and address of each and every hospital in which the plaintiff received treatment for any of the injuries alleged to have been sustained in the occurrence referred to in the complaint, including the date of admission and discharge as an in-patient and the date or dates of any out-patient treatment received.

4. Set forth any and all expenses incurred by the plaintiff for the following:

   A. Hospital treatment, together with the name and address of each and every hospital, the amount of the bill and a statement as to whether or not such bill has been paid, and if so, by whom.

   B. Treatment by each and every doctor.

   C. All sequelae which are claimed to have developed or are expected to develop in the future as a result of any such inquiry.

4. Set forth any and all expenses incurred by the plaintiff for the following:

   A. Hospital treatment, together with the name and address of each and every hospital, the amount of the bill and a statement as to whether or not such bill has been paid, and if so, by whom.

   B. Treatment by each and every doctor.

   C. Ambulance and/or transportation, together with the name and address of the company.

   D. Nurses services.

   E. Any and all other expenses claimed to have been incurred as a result of this accident.

5. State the manner in which it is claimed the incident occurred.

6. State whether plaintiff, his attorneys, or any other person acting on his behalf, obtained statements in any form from any persons regarding the accident or the events surrounding the accident.

7. If the answer to the preceding interrogatory is in the affirmative state:

   A. The identity of each person by whom and to whom this statement was made.

   B. The date on which each statement was made; and

   C. Whether each statement was oral or written; if oral give the substance of statement, if written, attach the statement.

8. State whether any police officers investigated the accident, and if so, identify same by name, badge number, precinct or barracks address and whether state, county, city or local.

9. State whether any insurance company, union, or person or entity paid or reimbursed plaintiff or became obligated to pay or reimburse plaintiff or anyone on his behalf, for any sums of money by way of disability or benefits, loss of earnings, property damage or any other item as a result of the accident.

10. If the answer to the preceding interrogatory is in the affirmative, set forth:

    A. The sums of money which have been or are to be paid.

    B. The dates when such payments were made or the obligations to make such payments arose.

    C. The nature of the obligation giving rise to the payment.

    D. The identity of insurance company, union, or other person or entity which has paid or is obligated for the payment of or reimbursement for such sums of money.

11. State all the acts and/or omissions constituting the negligence claimed.

12. State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or to have been violated by this answering defendant.

13. Please furnish the name and address of, or a description reasonably sufficent to identify, each person you believe may have been a witness to the occurrence of the injuries ((or damages) alleged in the complaint. Please provide names of all occurrence witness(es) including any employed by, or agents of, the answering defendant(s).

14. Set forth the following:

   A. The name and address of each person you expect to call as an expert witness at the trial of this action;

   B. The qualifications of each such expert witness;

   C. In reasonable detail, the subject matter on which each expert is expected to testify;

   D. The substance of the facts and opinions on which each expert is expected to testify;

   E. A summary of the grounds for each expert's opinion.

15. State where plaintiff was coming from at the time of the alleged incident.

16. State plaintiff's intended destination had the alleged incident not occurred.

17. State whether a criminal proceeding was instituted on behalf of the plaintiff against Samuel Rosa and, if so, the name of the appropriate jurisdiction and/or Court and whether plaintiff gave any statements and/or testified in Court or before a Grand Jury.

18. If the answer to the above is in the affirmative, state the result of the criminal proceeding.

19. State whether plaintiff was arrested as a result of the alleged incident and, if so, the name of the appropriate jurisdiction or Court and the result of the criminal proceeding.

PLEASE TAKE FURTHER NOTICE that if the within demand is not complied with within thirty (30) days, and application will be made to preclude the plaintiff from giving any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

Dated: Mineola, New York
       June 4, 2007

                      FOGARTY, FELICIONE & DUFFY, P.C.

                      By: _____
                           Paul Felicione (7795)
                      Attorneys for Defendant(s)
                      185 Willis Avenue
                      Mineola, New York 11501
                      (516) 747-7500

TO:   JOSEPH STROBLE
       Attorneys for Plaintiff(s)
       40 Main Street
       P.O. Box 596
       Sayville, New York 11782
       (631) 244-8297

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROSS J. STEVENS,

                                          Plaintiff(s)

    -against-

SAMUEL ROSA and RDT SECURITY, INC.,

                                          Defendant(s)
------------------------------------------------------------------------x

07 CV 4444 (LAK)

**Notice to Take Deposition Upon Oral Examination**

       PLEASE TAKE NOTICE, that pursuant to Rule 26 of the Federal Rules of Civil Procedure, the testimony, upon oral examination, of plaintiffs will be taken before a notary public who is not an attorney, or employee of an attorney, for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the offices of **FOGARTY, FELICIONE & DUFFY, P.C.,** 185 Willis Avenue, Mineola, New York 4 day of August, 2007 on the   at 10 o'clock in the forenoon of the day, with respect to evidence material and necessary in the defense/prosecution of this action, specifically relating to all of the relevant facts and circumstances in connection with this occurrence, including negligence, contributory negligence, liability and damages.  That the said person to be examined is required to produce at such examination the following:

Any and all records, data, etc., pertinent to the above captioned lawsuit.

Dated: Mineola, New York
       June 4, 2007

        FOGARTY, FELICIONE & DUFFY, P.C.

        By: _____
            Paul Felicione (7795)
        Attorneys for Defendant(s)
        185 Willis Avenue
        Mineola, New York 11501
        (516) 747-7500

TO:    JOSEPH STROBLE
        Attorneys for Plaintiff(s)
        40 Main Street
        P.O. Box 596
        Sayville, New York 11782
        (631) 244-8297

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                                              :ss.:
COUNTY OF NASSAU         )

      GWENDOLYN ROBERSON being sworn say: I am not a party to the within action, am over 18 years of age and reside at Hempstead, New York.

      On June 7, 2007, I served a true copy of the annexed *Answer , Interrogatories and Notice to Take Deposition Upon Oral Examination* by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    JOSEPH STROBLE
           Attorneys for Plaintiff(s)
           40 Main Street
           P.O. Box 596
           Sayville, New York 11782
           (631) 244-8297

                                        _____
                                        GWENDOLYN ROBERSON

Sworn to before me this
June 7, 2007

_____
      Notary Public

07 CV 4444 (LAK)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSS J. STEVENS,

                                                                          Plaintiff(s),

    -against-

SAMUEL ROSA and RDT SECURITY, INC.,

                                                                          Defendant(s),

*Answer, Interrogatories and*
*Notice to Take Deposition Under Oral Examination*

**FOGARTY, FELICIONE & DUFFY, P.C.**
Attorneys for Defendant
185 Willis Avenue
Mineola, N.Y. 11501
516-747-7500

To:
Attorney(s) for

Service of a copy of the within                     is hereby admitted.
Dated:
                                         Attorney(s) for

PLEASE TAKE NOTICE
        that the within is a (certified) true copy of a

        entered in the office of the clerk of the within named Court on     

*Notice of*
*Entry*
        that an Order of which the within is a true copy will be presented for settlement to the Hon.
        , one of the judges of the within named Court, at       on       at   M.

*Notice of*
*Settlement*